UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL F. RAMPICK, | ) |
| Plaintiff, | ) Case No. 08 C 7097 |
| v. | ) Judge Joan B. Gottschall |
| MATTHEW J. BOWLER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Rampick, an inmate at the Centralia Correctional Center, filed suit, *pro se*, against Defendant, City of Des Plaines Police Officer Matthew Bowler, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Bowler violated his constitutional rights by subjecting him to the use of excessive force and by delaying medical care for twenty-four hours. Presently pending before the Court is Defendant's motion for summary judgment as to Plaintiff's claim that he was denied medical care. For the reasons stated in this order, Defendant's motion for summary judgment is granted as to Plaintiff's claim of deliberate indifference to his serious medical needs based on the alleged delay in medical treatment.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Berry v. Peterman*, 604 F.3d 435, 438 (7th Cir. 2010). Summary judgment may be granted when no "reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendant filed his motion for summary judgment, he included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the

summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). The court may disregard statements and responses that do not comply with Local Rule 56.1. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005).

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.).

Plaintiff filed a memorandum in opposition to Defendant's motion. However, the memorandum does not include a specific response to Defendant's proposed undisputed facts. Accordingly, Defendant's proposed undisputed facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B). Lastly, because Plaintiff is proceeding *pro se*, the Court will consider the factual assertions he makes in his response, but only to the extent that Plaintiff could properly testify about the matters asserted at trial – that is, only with respect to those facts within Plaintiff's personal knowledge. *See* Fed. R. Evid. 602.

## FACTS

On December 7, 2006, Plaintiff was a resident of the City of Blue Island. (Def.'s 56.1(a)(3) Statement ¶ 3.) Bowler was employed as a police officer by the City of Des Plaines, Illinois. (*Id.*, ¶ 4.) On that date, Plaintiff was driving in Des Plaines. Bowler's police car was stopped in front of Plaintiff. Plaintiff hit the side of Bowler's police car, and then attempted to flee the scene. (*Id.* at ¶ 5.) After driving on the sidewalk and side-swiping two or three more cars, Plaintiff drove over the median in an attempt to complete a u-turn. When Plaintiff hit the median, his car turned off, resulting in his car moving accross the oncoming lanes of traffic and hitting the side curb. (*Id.*, ¶ 6.)

3

Plaintiff claims that he was subsequently arrested and handcuffed at the scene by Bowler. He claims that Bowler kneed him in the back while handcuffing him, re-injured his pinky finger, punched him repeatedly in the face, and shoved his face in the snow. (Def.'s 56.1(a)(3) Statement ¶ 7.)

Following his arrest, Plaintiff was taken to the Des Plaines Police Department and placed in a holding cell. (Def.'s 56.1(a)(3) Statement ¶ 8.) While in the holding cell, Plaintiff told three or four police officers that he needed medical care by stating, "I need to get some medical attention here. You know, I'm pretty messed up." (*Id.*, ¶ 9.) Plaintiff did not ask Bowler for medical attention. (*Id.*, ¶ 10.) Plaintiff claims that his injuries included scratches and swelling on his face, blood in his eye, re-injury of his pinky finger, and redness on his writs from the handcuffs. (*Id.*, ¶ 11.) Plaintiff's injuries were treated at General Lutheran Hospital the next morning. At the hospital, Bacitracin was applied to Plaintiff's scratches and he was given Tylenol. Plaintiff requested no further medical treatment, and received no further medical treatment. (*Id.*, ¶ 12.) Plaintiff's right pinky still twitches sometimes. (*Id.*, ¶ 13.)

## ANALYSIS

Pretrial detainees have a right to adequate medical treatment under the Fourteenth Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Claims of deliberate indifference to a serious medical need of a pretrial detainee under the Fourteenth Amendment uses the same standard for deliberate indifference to a serious medical need under the Eighth Amendment. *See Williams*, 509 F.3d at 401. A claim of deliberate indifference includes both an objective and subjective element. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). As to medical care, "the objective element requires that the inmate's medical need be sufficiently serious" to implicate the Constitution. *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical

need is "serious" if has been diagnosed by a physician as mandating treatment or it so obvious that even a lay person would recognize the necessity of medical treatment. *See Foelker v. Outgamie County*, 394 F.3d 510, 512 (7th Cir. 2005).

The subjective element requires that the prison official act with a sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). The negligent or inadvertent failure to provide adequate medical care is not actionable under 42 U.S.C. § 1983 because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 106. Furthermore, medical negligence is insufficient to demonstrate deliberate indifference. *See Foelker*, 394 F.3d at 513. However, a prisoner does not need to prove that the prison official "intended, hoped for, or desired the harm that transpired." *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Instead, it is sufficient if the prisoner demonstrates that the prison official actually knew of a substantial risk of harm to the prisoner and acted or failed to act in disregard to that risk. *See Walker*, 293 F.3d at 1037. An inmate can demonstrate that a prison official knew of a substantial risk of harm if the fact of that risk is obvious. *See Walker*, 293 F.3d at 1037. The court examines the totality of the medical care provided and isolated incidents of delay do not rise to the level of deliberate indifference. *See Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000); *Gutierrez v. Peters*, 111 F.3d 1364, 1374-75 (7th Cir. 1997).

Plaintiff has failed to demonstrate that Bowler acted with deliberate indifference to his medical needs because he has failed to demonstrate that Bowler was aware that Plaintiff needed medical care. Plaintiff did not inform Bowler that he needed medical care and he did not ask him for medical care. Plaintiff argues that his need for medical care was obvious based on his multiple injuries. However, Plaintiff's unsubstantiated facts regarding his obvious injuries are contrary to the

undisputed facts regarding the minimal medical treatment Plaintiff received for his injuries at the hospital. Based on the undisputed facts, a reasonable juror could not find that Bowler actually knew of a substantial risk of harm to Plaintiff and that he acted or failed to act in disregard to that risk.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [50] is granted as to Plaintiff's claim of deliberate indifference to his serious medical needs.

Dated: July 20, 2010

Joan B. Gottschall
United States District Court Judge